NICHOLAS A. TRUTANICH
United States Attorney
STEPHANIE N. IHLER
Assistant United States Attorney
501 Las Vegas Blvd South
Las Vegas, Nevada 89101
(702) 388-6336

UNITED STATES DISTRICT COURT

District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:20-CR-186-JCM-VCF-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PETITION FOR ACTION |
| | ) | ON CONDITIONS OF |
| SERGIO BAUTISTA | ) | <u>PRETRIAL RELEASE</u> |
| Defendant | ) | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Samira A.  Barlow</u>, Senior U.S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 3rd day of February, 2021.

NICHOLAS A. TRUTANICH
United States Attorney


By ___/S/_____.
    STEPHANIE N. IHLER
    Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. SERGIO BAUTISTA                                     Docket No 2:20-CR-186-JCM-VCF-1

### Petition for Action on Conditions of Pretrial Release

COMES NOW SAMIRA A. BARLOW, U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant SERGIO BAUTISTA. The defendant initially appeared on August 7, 2020, before U.S. Magistrate Judge Daniel J. Albregts, and was ordered released on a personal recognizance bond with the following conditions:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. Travel is restricted to Clark County, Nevada.
3. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
4. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
5. The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
6. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
7. The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.
8. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
9. The defendant shall pay all or part of the cost of the testing program based upon his ability to pay as Pretrial Services or the supervising officer determines.
10. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
11. The defendant shall avoid all contact directly or indirectly with Tatanisha Bautista.
12. Report via telephone any instance of COVID-19 symptoms, exposure, and/or quarantine immediately to the supervising officer.
13. Comply with the directives of medical, public health, and government officials with respect to a quarantine and/or stay-at-home order.

On October 29, 2020, U.S. Magistrate Judge Daniel J. Albregts modified the defendant's bond by adding the following release conditions:

1. The defendant shall participate in a program of inpatient or outpatient substance use therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
2. The defendant shall pay all or part of the cost of the substance use treatment program or evaluation based upon his ability to pay as determined by Pretrial Services or the supervising officer.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. On October 28, 2020, the defendant failed to call the Pretrial Services telephonic check-in system.
2. On November 25, 2020, the defendant failed to call the Pretrial Services telephonic check-in system.
3. On December 3, 2020, the defendant failed to report for drug testing.
4. On December 4, 2020, the defendant failed to report for drug testing.
5. On December 5, 2020, the defendant failed to report for drug testing.
6. On December 18, 2020, the defendant tested positive for presence of methamphetamine.
7. On December 23, 2020, the defendant failed to report for drug testing.
8. On December 23, 2020, the defendant failed to call the Pretrial Services telephonic check-in system.
9. On January 14, 2021, the defendant failed to report for drug testing.
10. On January 20, 2021, the defendant failed to call the Pretrial Services telephonic check-in system.
11. On January 23, 2021, the defendant failed to report for drug testing.
12. On January 27, 2021, the defendant failed to call the Pretrial Services telephonic check-in system.
13. On January 28, 2021, the defendant failed to report for drug testing.
14. On January 31, 2021, the defendant failed to report for drug testing.
15. On February 1, 2021, the defendant failed to report for drug testing.

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE.   FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

ORDER OF COURT

Considered and ordered this 3rd   day of February, 2021 and ordered filed and made a part of the records in the above case.

_____
Honorable Daniel J. Albregts
U.S. Magistrate Judge

I declare under penalty of perjury that the information herein is true and correct. Executed on this 3rd day of January, 2021.

Respectfully Submitted,

_____
Samira Barlow
Senior U.S. Pretrial Services Officer
Place: Las Vegas, Nevada